[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10288
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00140-LSC-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEDRICK LAVON TOWELLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 27, 2012)

Before HULL, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

After a guilty plea, Sedrick Lavon Towells appeals his 120-month sentence for possession of five grams or more of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). After review, we conclude that Towells's sentence is directly impacted by Dorsey v. United States, __ U.S. __, __ S. Ct. __, Nos. 11-5683, 11-5721 (U.S. June 21, 2012), and that Towells preserved the Dorsey issue in the district court and in this direct appeal. Therefore, we vacate Towells's sentence and remand to the district court for resentencing.

## I. BACKGROUND

On November 1, 2009, police in Gadsden, Alabama, observed Defendant Towells leave his vehicle, enter another car, and exit that car to go to a nearby house. Police ordered Towells to stop and observed Towells throw a clear plastic bag over a house as he walked away. Police recovered the plastic bag, which appeared to contain crack cocaine, and arrested Towells.

Forensic analysis showed that the plastic bag contained 20.36 grams of crack cocaine. On September 29, 2010, Towells pled guilty to one count of possessing five grams or more of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

### A. Presentence Investigation Report

Towells's presentence investigation report ("PSI") assigned a base offense

level of 22 under U.S.S.G. § 2D1.1(a)(5), (c)(9).  The PSI recommended a two-level reduction for acceptance of responsibility and a one-level reduction for providing complete information about his involvement in the offense or timely notifying authorities of his intent to plead guilty, which together resulted in a total adjusted offense level of 19.  The PSI assigned Towells a criminal history category of III, which yielded an advisory guidelines range of 37 to 46 months' imprisonment.

Prior to Towells's plea, the government filed a notice claiming that Towells had been convicted of a felony "Violation of the Georgia Controlled Substances Act."[1]  The government alleged that this crime was a "prior conviction for a drug felony offense" under 21 U.S.C. § 841(b)(1)(B) that triggered that statute's 10-year mandatory minimum sentence for persons convicted of possessing five grams or more of crack cocaine.[2]  Accordingly, the statutory mandatory minimum sentence of 10 years became Towells's guidelines sentence.  See U.S.S.G.

---

[1] The government's notice did not specify which provision of the Georgia Code Towells violated, but documents attached to the government's notice showed that Towells pled guilty in 1997 to one count of violating Georgia Code § 16-13-30(a), which provides, "Except as authorized by this title, it is unlawful for any person to purchase, possess, or have under his control any controlled substance."  Under Georgia Code § 16-13-30(g), "Any person who violates subsection (a) of this Code section with respect to a controlled substance in Schedule III, IV, or V shall be guilty of a felony . . . ."

[2] 21 U.S.C. § 841(b)(1)(B) stated that "[i]f any person commits such a violation [of § 841(a)] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years . . . ."

3

§ 5G1.1(b) ("Where the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

## B.  Fair Sentencing Act Objection

Towells did not object to any of the facts alleged in the PSI, including his prior Georgia felony drug conviction.  At his January 2011 sentencing hearing, Towells argued that the Fair Sentencing Act ("FSA") applied to his sentence.  Towells committed this federal crime in November 2009, before the FSA was enacted, on August 3, 2010.  Towells argued that the FSA still applied.

The FSA raised from five to 28 grams the threshold amount of crack cocaine necessary to trigger the 10-year mandatory minimum sentence under § 841(b)(1)(B).  Fair Sentencing Act of 2010, Pub. L. No. 111-220 § 2(a), 124 Stat. 2372 (2010).  Towells pled guilty to possessing only 20.36 grams of crack cocaine.  Thus, if the FSA applied, Towells would not be subject to the 10-year mandatory minimum sentence.  Rather, Towells would be subject to his advisory guidelines range of 27 to 46 months' imprisonment.

The district court declined to apply the FSA-amended penalty provisions and sentenced Towells to 120 months' imprisonment.  The United States Supreme Court recently held that the FSA's "more lenient penalty provisions apply to

4

offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." Dorsey v. United States, __ U.S. __, __ S. Ct. __, Nos. 11-5683, 11-5721, slip. op. at 2 (U.S. June 21, 2012).  We therefore vacate Towells's sentence and remand for the limited purpose of resentencing in light of Dorsey.

**VACATED AND REMANDED.**